# Exhibit A-1
# Complaint

| | |
|---|---|
| **DISTRICT COURT**<br>**ARAPAHOE COUNTY, COLORADO**<br>Court Address: Arapahoe County Justice Center<br>7325 S. Potomac St., Centennial, CO 80112<br><br>Plaintiff: **LAURI LITTLEWOOD,**<br><br>v.<br><br>Defendant: **NOVARTIS PHARMACEUTICALS CORP.** | <br><br><br><br><br><br><br><br>▲COURT USE ONLY ▲ |
| **Attorneys for Plaintiff Lauri Littlewood**<br><br>Mark S. Bove, P.C. #9376<br>7100 East Belleview Ave., Suite 101<br>Greenwood Village, CO 80111<br>303-284-8394   msbove@aol.com<br><br>R. Scott Oswald, via pro hac vice<br>John T. Harrington, via pro hac vice<br>The Employment Law Group, P.C.<br>1717 K St., NW, Ste. 1110<br>Washington, D.C. 20006-5345<br>Phone Number: (202) 261-2830<br>Facsimile: (202) 261-2835<br>soswald@employmentlawgroup.com<br>tharrington@employmentlawgroup.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Lauri Littlewood, by and through the undersigned counsel, files this civil complaint and demand for jury trial against Defendant Novartis Pharmaceuticals Corporation for

1

discrimination and retaliation in violation of the Colorado Public Health Emergency Whistleblower Law (PHEW), House Bill 20-1415, C.R.S. § 8-14.4-101, et seq.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this case under the Colorado Public Health Emergency Whistleblower Law (PHEW), House Bill 20-1415, C.R.S. § 8-14.4-101, *et seq.*; C.R.S. § 13-80-111; and 28 U.S.C.A. § 1367(d).

2. This Court has personal jurisdiction over Defendant because it has substantial business contacts with and conducts business in this judicial District.

3. Venue properly lies within this District under C.R.C.P. 98(c) as the unlawful employment practices committed by the Defendant occurred in this District.

### PARTIES

4. Plaintiff Lauri Littlewood is a resident of Fort Collins, Colorado, and worked as an executive sales representative at Novartis until her illegal termination on or about December 10, 2020.

5. Defendant Novartis Pharmaceuticals Corporation is a Delaware corporation that conducts business in Littleton in Arapahoe County in the State of Colorado.

### FACTUAL ALLEGATIONS

6. Littlewood is a 54-year-old female with twenty-five years of experience in pharmaceutical sales.

7. On or about April 2015, Novartis hired Littlewood to serve as an executive cardiovascular sales representative to sell a heart failure medication called Entresto.

8. Littlewood worked from her home in Fort Collins, Colorado for Novartis as an executive sales representative, and her job required her to travel to hospitals in her territory, including Wyoming, Nebraska, and Colorado. Her supervisor was located in Littleton, Arapahoe County, Colorado.

9. Novartis conducts employee evaluations on a scale of 1 to 3, with 3 being the highest rating given to 10-15% of sales representatives.

10. Evaluations consist of two categories: performance, which includes meeting sales goals, and values and behaviors, which includes an assessment of collaboration, innovation, courage, performance, and integrity.

11. In 2019, Novartis rated Littlewood a "2.2" in her employee evaluation.

12. Littlewood was always rated a 2 or better for values and behaviors.

13. In or about early March 2020, Novartis refused to pull sales representatives from the field in response to the COVID-19 pandemic even though other pharmaceutical companies halted in-person meetings between sales representatives and hospitals.

14. In or about mid-March 2020, Littlewood called her direct supervisor, John Gatrell, and reported that she was uncomfortable going into the field due to COVID-19 risks.

15. The cardiac patients that Littlewood serviced were at high risk for COVID-19, and Littlewood reported her concerns that she might unknowingly transmit COVID-19 to patients or their doctors.

16. Gatrell responded that "the issue is above my paygrade," and so Littlewood emailed Novartis Human Resources.

17. Human Resources did not respond to Littlewood's reported patient safety concerns, but approximately one week later, Novartis pulled its sales representatives from the field.

18. From in or about April 2020 through May 2020, Novartis's sales representatives conducted their work using videoconferencing and other remote tools.

19. By May 2020, sales representatives were encouraged to resume working in the field.

20. By June 2020, Novartis required its sales representatives to return to the field.

21. By October 2020, President of Novartis U.S. Pharmaceuticals Victor Bulto required all employees to be customer-facing in the field five days a week at "pre-COVID" activity levels.

22. Littlewood's Regional Manager Tim Vannaman echoed these requirements.

23. Novartis referred to sales representatives as "essential workers" at this juncture, and Vannaman referred to the country as being in a "post-COVID" era.

24. Novartis also sent sales representatives emails identifying geographical areas according to restrictiveness or openness as opposed to positivity rates.

25. In or around early November 2020, Littlewood spoke with a colleague who worked for another pharmaceutical company about what precautions that company was taking.

26. The friend said the other pharmaceutical company was sending its sales representatives weekly messages identifying those areas where representatives could perform in-person visits according to positivity rates.

27. On or about November 5, 2020, Littlewood wrote a letter to Novartis's HR staff, informing them of the patient and employee safety precautions other pharmaceutical companies were taking. She implored Novartis to employ the same patient and employee safety precautions.

28. At the time she raised this patient and employee safety complaint, Littlewood was expected to travel to Wyoming, which had a 40% COVID-19 positivity rate.

29. Novartis refused to implement any safety protocols.

30. In or around November 2020, Littlewood had an in-person meeting with a cardiac catheterization lab at Health One Hospital in Denver, Colorado.

31. Two of the nurses present at the lunch meeting said they currently were positive with COVID-19.

32. The woman who organized this meeting confirmed the nurses' positive COVID-19 status.

33. Littlewood called Gatrell after the meeting, and Gatrell told Littlewood to call a Novartis hotline to report her patient and employee safety concerns.

34. Littlewood called the Novartis hotline and spoke to a nurse who told her that Littlewood did not need to self-isolate because she was not experiencing symptoms, despite the exposure occurring just hours before this call.

35. Littlewood informed Gatrell that although the Novartis hotline stated she did not need to self-isolate, she would feel safer doing so.

36. Approximately a week later, a nurse at the Novartis hotline called Littlewood and told her she should self-isolate for two weeks.

37. Littlewood set up an in-person meeting for her counterpart, Josh Zuieback, and a regional account manager, Wes Sibole, on November 19, 2020, to visit a Novartis customer while she was self-isolating.

38. The customer had strict COVID-19 protocols, requiring only one industry representative at in-person visits, but the customer agreed to have Zuieback and Sibole present for the meeting.

39. Zuieback learned before the meeting was about to begin that Sibole brought an account manager, John Roberts, along as well.

40. Zuieback called Littlewood to update her and to see if the additional person was permitted under the customer's COVID-19 protocols.

41. Littlewood told Zuieback that the additional person was not permitted under the customer's COVID-19 protocols.

42. After the meeting, the customer representative who organized the meeting called Littlewood and said she was unhappy with Novartis' overt violation of the customer's COVID-19 protocols.

43. Sibole then called Littlewood after the meeting to debrief, and Littlewood informed him that the customer reported Novartis's violations of the client's COVID-19 safety protocols.

44. Sibole became angry with Littlewood during the call when she reported this, and he told Zuieback he was sorry if he got Zuieback "in trouble" along with Littlewood.

45. On or about December 10, 2020, just a few weeks after the November 19 incident, Gatrell abruptly terminated Littlewood for purported poor performance.

46. This was a pretextual reason as Littlewood was a high performer, and the termination was in retaliation for the raising by Littlewood of reasonable health and safety concerns.

47. In the trimester prior to Littlewood's illegal termination, Novartis rated Littlewood as its second-highest seller in the nation out of hundreds of salespeople.

48. On or about September 24, 2020, Littlewood had the highest goal attainment when compared with other salespeople in the region.

49. In or about August 2020, Gatrell sent an email to his sales district highlighting Littlewood's performance by stating "Lauri is on fire at +31.2%," referring to Littlewood's high performing sales territory.

50. Littlewood was not rated below a 1 for two consecutive periods and was never issued a performance improvement plan.

51. Littlewood did not receive a performance evaluation for 2020.

52. On or around December 3, 2020, despite Novartis's demand that sales representatives maintain "pre-COVID" levels of activity while working in the field, Novartis's CEO Vas Narasimhan stated during a town hall meeting that he was still working from his son's bedroom.

53. Littlewood sustained economic damages and mental anguish as a result of Novartis's illegal actions, and she will continue to sustain damages into the foreseeable future.

54. Littlewood has exhausted her administrative remedies regarding her claims under PHEW and obtained a Notice of Right to Sue and Exhaustion of Administrative Remedies, dated October 6, 2021, from the Colorado Department of Labor and Employment.

55. Littlewood filed her original complaint in the United States District Court for the District of Colorado on September 21, 2021.

56. On October 14, 2021, within the time provided by the Colorado Department of Labor and Employment's Notice of Right to Sue, Littlewood filed her First Amended Complaint in U.S. District Court to include a claim under the Colorado Public Health Emergency Whistleblower Law (PHEW).

57. Novartis filed a motion to dismiss that argued, among other things, that the U.S. District Court should decline to exercise supplemental jurisdiction over Littlewood's PHEW claim.

58. Littlewood timely filed a response and a motion for leave to amend her complaint, which the U.S. District Court granted.

59. Littlewood filed a Second Amended Complaint on February 1, 2022.

60. On February 15, 2022, Novartis filed a partial motion to dismiss all but one count of Littlewood's Amended Complaint.

61. Novartis again argued, among other things, that the U.S. District Court should decline to exercise supplemental jurisdiction over Littlewood's PHEW claim.

62. On August 3, 2022, the U.S. District Court granted Novartis's partial motion to dismiss and declined to exercise supplemental jurisdiction over Littlewood's PHEW claim.

63. Pursuant to C.R.S. § 13-80-111 (the Colorado "savings statute") and 28 U.S.C.A. § 1367(d), Littlewood has ninety days from the U.S. District Court's Order of August 3, 2022, declining to exercise supplemental jurisdiction over Littlewood's PHEW claim, to file a new case in this Court based on the same cause of action.

**COUNT I**
**Discrimination and Retaliation in Violation of the**
**Colorado Public Health Emergency Whistleblower Law (PHEW)**
**House Bill 20-1415**

64. Littlewood incorporates the allegations in the foregoing paragraphs as though alleged herein.

65. After July 11, 2020, House Bill 20-1415 was in full force and effect.

66. Littlewood is an "worker" as the term is defined at C.R.S. § 8-14.4-101.

67. Novartis is a "principal", as the term is defined at C.R.S. § 8-14.4-101.

68. Novartis violated House Bill 20-1415 and C.R.S. § 8-14.4-101, *et seq.*, by terminating Littlewood for her protected disclosures about workplace health and safety, as prohibited by C.R.S. § 8-14.4-102(1).

69. Littlewood has suffered pecuniary damages, including lost pay and benefits, and non-pecuniary damages, including past, present and future mental and emotional distress, as a result of Novartis's unlawful actions.

70. For Novartis's unlawful discrimination against Littlewood, she is entitled to such legal or equitable relief as will effectuate the purposes of the House Bill 20-1415, including but not limited to reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front and back pay, interest on all damages, equitable relief including reinstatement, consequential damages, any other relief that furthers

9

the purpose of the House Bill 20-1415, and any other relief that this Court deems just and equitable.

71. Littlewood exhausted her administrative remedies regarding her claims under PHEW and obtained a Notice of Right to Sue and Exhaustion of Administrative Remedies from the Colorado Department of Labor and Employment.

72. Pursuant to Colorado Revised Statute § 13-80-111 (the Colorado "savings statute") and 28 U.S.C.A. § 1367(d), Littlewood has ninety days from the U.S. District Court's Order of August 3, 2022, declining to exercise supplemental jurisdiction over Littlewood's PHEW claim, to file a new case in this Court based on the same cause of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lauri Littlewood respectfully requests that the Court enter judgment in her favor and award to her the following relief.

- A. Judgment against the Defendant Novartis in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;
- B. Pre-judgment interest;
- C. Employment, reinstatement, promotion, or other equitable relief;
- D. Economic damages including front and back pay;
- E. Compensatory damages;
- F. Interest due on unpaid wages;
- G. Reasonable attorneys' fees and the costs of this action, and
- H. Any other relief this Honorable Court deems just and proper to award.

10

## JURY DEMAND

Plaintiff demands trial to a jury of six on all issues so triable.

Respectfully submitted,


/s/     *Mark S Bove*
Mark S. Bove, P.C.

/s/     *R.Scott Oswald*
R. Scott Oswald

/s/     *John T Harrington*
John T. Harrington


Address of Plaintiff:

4452 Terry Lake Rd
Fort Collins, CO 80524

11